IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL GAUCE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-2527 |
| | : | |
| v. | : | |
| | : | |
| PA. ST. DEPT. OF CORRECTIONS, | : | |
| SCI-ADMINISTRATION, DEPUTY | : | |
| SUPERINTENDENT JEROME WALSH, | : | |
| PA. BD. OF PROBATION AND PAROLE, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                          July 11, 2014

The plaintiff, Joel Gauche,[1] proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, based on his allegations that the defendants, Pennsylvania Department of Corrections ("DOC"), SCI-Administration, Superintendent Jerome Walsh, and the Pennsylvania Board of Probation and Parole (the "Board"), unconstitutionally revoked his parole and miscalculated his sentence.[2] The plaintiff also seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant the plaintiff leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

### I.      ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff filed an Application for Prisoners to Proceed in District Court Without Paying Fees or Costs (the "IFP Motion") and a Complaint on May 1, 2014. Doc Nos. 1, 1-1. In

---

[1] The plaintiff is identified in the caption of the Complaint as "Joel Gauce," but his signature and prison account statement reflect that his name is "Joel Gauche."

[2] The plaintiff identified these defendants in the caption of the Complaint. Nonetheless, on page two of the Complaint, he identifies a "Mr. Kay" and a "Mr. Hosey" as defendants as well. For purposes of this Memorandum Opinion and subsequent Order, we have referred to the individual and two entities included in the caption of the Complaint as the defendants.

the IFP Motion, the plaintiff indicates that he is currently incarcerated at State Correctional Institution Dallas and has received no income from any sources over the past 12 months. IFP Motion at 1, 2. In the Complaint, the plaintiff alleges that in 1981, he was sentenced in the Bucks County Court of Common Pleas to consecutive sentences of incarceration for a minimum of 10 years to a maximum of 20 years. Compl. at 3. Thus, the state trial court sentenced him to an aggregate sentence of a minimum of 20 years to a maximum of 40 years. *Id.*

The plaintiff also alleges that in 1991, he was released on "constructive parole" but that, in 2000, the Board rescinded his constructive parole without a parole revocation hearing and somehow modified his sentence to expire in 2020. *Id.* The plaintiff believes that his sentence should have expired in 2010. *Id.*

Based on the aforementioned allegations, the plaintiff brings the instant Section 1983 action and appears to assert that the defendants violated his constitutional rights by revoking his parole, recalculating his sentence, and keeping him incarcerated beyond his maximum sentence. *Id.* at 3-5. He requests relief in the form of an order requiring the DOC to recalculate his sentence in a manner that would result in his immediate release from incarceration. *Id.* at 5-6.

On May 5, 2014, the Court denied without prejudice the IFP Motion because the plaintiff failed to provide a copy of his prisoner account statement as required by 28 U.S.C. § 1915(a). Doc. No. 2. The Court also observed that, although the plaintiff characterized this action as a Section 1983 action, he appeared to be seeking relief that is only available in a *habeas* proceeding. *Id.* In response to the Court's order, the plaintiff provided a copy of his account statement and submitted a "Memorandum of Law in Support of Civil Action Complaint filed Under 42 U.S.C. § 1983" (the "Memorandum"). Doc. Nos. 3, 4.

In the Memorandum, the plaintiff confirms that he is challenging the constitutionality of the revocation of his constructive parole, the recalculation of his sentence, and his related incarceration, pursuant to Section 1983. *See* Memorandum at 1-8. In particular, the plaintiff states as follows:

> 3. The complainted [sic] asserted in his § 1983 civil rights complaint: (1) the Pa. Bd. of Probation and Parole deprived him of liberty through their revoking his constructive parole with a parole revocation hearing in violation of the complaints [sic] right to procedural due process guaranteed in the United State[s] Constitution Fifth and Fourteenth Amendment; (2) the Pa. Bd. of Probation and Parole deprived complaint [sic] of good-time credits for time spent on constructive parole following its revocation hearing; (3) the Pa. St. Dept. Corrections, SCI-Dallas deprived complaintive [sic] of life, liberty by not releasing the complainant [sic] after the expiration of maximum sentence imposed by the Bucks County's [sic] sentencing Judge in violation of complaint's [sic] right to procedural due [process] guaranteed in the United States Constitution Fifth and Fourteenth Amendment.
>
> . . .
>
> 13. Plaintiff contends the Pa. Bd. of Probation and Parole failed to conduct parole revocation hearing before revoking plaintiff's constructive parole on June 28, 2000. Accordingly, Pa. Bd. of Probation and Parole deprived plaintiff of his liberty interest by violation [sic] plaintiff's rights to due process.
>
> 14. Furthermore, plaintiff contends while he was on constructive parole he completed his initial sentence of 20 years, and completed 10 years of his subsequent, thus, plaintiff subsequent sentence expired in 2010. Accordingly[,] plaintiff was entitled to be released from both sentences; therefore, the Pa. Dept. of Corrections, State Correction Institution Dallas has deprived plaintiff of his liberty interest by not releasing plaintiff after the expiration of both sentence[s] in violation of his rights to due process by recalculating both sentence[s], aggregating them to expire [in] 2020.

*Id.* at 3, 5.[3]

---

[3] The plaintiff includes two paragraphs listed as number 13 in the Memorandum.

## II.     DISCUSSION

As indicated above, the plaintiff filed the IFP Motion and the Complaint. Regarding motions to proceed *in forma pauperis*, the Court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). When addressing motions to proceed *in forma pauperis* under Section 1915, district courts undertake a two-step analysis: "First, the district court evaluates a litigant's financial status and determines whether [he or she] is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under § 1915[(e)(2)] to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)).[4]

Concerning the litigant's financial status, the litigant must establish that he is unable to pay the costs of suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Generally, where a plaintiff files an affidavit of poverty, the district court should accord the plaintiff a preliminary right to proceed *in forma pauperis*. *Lawson v. Prasse*, 411 F.2d 1203, 1203 (3d Cir. 1969) (citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir. 1969)).

---

[4] The *Roman* court referenced the former version of 28 U.S.C. § 1915(d), which stated that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as Section 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-135, 110 Stat. 1321 (1996)). The portion of Section 1915(d) which allowed the district court to dismiss frivolous *in forma pauperis* complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i). *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating frivolous nature of *in forma pauperis* complaint is ground for dismissal).

Here, after reviewing the IFP Motion and the plaintiff's prison trust account statement, it appears that the plaintiff is unable to pay the costs of suit. Therefore, the Court grants the plaintiff leave to proceed *in forma pauperis*.[5]

Because the Court has granted the plaintiff leave to proceed *in forma pauperis*, the Court must engage in the second part of the two-part analysis and examine whether the Complaint is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious"). A complaint is frivolous under Section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). In addressing whether a *pro se* plaintiff's complaint is frivolous, the Court must liberally construe the allegations in the complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

Here, the essence of the Complaint relates to the plaintiff's contention that the Board unconstitutionally revoked his parole and, as such, he requests that the Court recalculate his sentence, give him credit for time spent while on constructive parole, and release him from incarceration because the DOC has held him beyond the expiration of his sentence. Compl. at 3, 5-6. This type of claim is not cognizable in a Section 1983 action; instead, the plaintiff may only bring such a claim in a proceeding for a writ of *habeas corpus*.[6] *See Preiser v. Rodriguez*, 411

---

[5] The Court's Order will reflect the requirements of Section 1915(b) relating to the prisoner plaintiff eventually paying the full amount of the filing fee. *See* 28 U.S.C. § 1915(b) (stating that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee" and setting forth procedure for establishing payment plan to collect fee).

[6] In 2004, Plaintiff filed a *habeas* petition based on the alleged miscalculation of his sentence and the wrongful revocation of his constructive parole. *See Gauche v. Lavan*, Civ. A. No. 04-1248 (M.D. Pa.). The Honorable

U.S. 475 (500) (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.").[7] Therefore, the Court will dismiss the Complaint.

Because the Court will dismiss the Complaint, the Court must also address whether to provide the plaintiff with leave to amend the Complaint. Although a district court should generally provide a *pro se* plaintiff with leave to amend unless an amendment would be inequitable or futile, *see Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002), granting leave to amend in this case would be futile because the plaintiff cannot cure the defect in the Complaint. Accordingly, the Court will not permit the plaintiff to file an amended complaint.

---

Malcolm Muir of the United States District Court for the Middle District of Pennsylvania denied the petition in June 2005. *See id.* at Doc. No. 19.

[7] In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held that if a plaintiff's success in a Section 1983 action "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence," the district court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 486-87. The Court recognizes that *Heck* involved a Section 1983 action in which the plaintiff sought damages and, here, Plaintiff seeks arguably equitable or declaratory relief instead of damages. Nonetheless, the Supreme Court has extended the rationale of *Heck* to circumstances where a Section 1983 plaintiff also seeks equitable relief. *See Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." (emphasis in original)). The Third Circuit has extended *Heck* to Section 1983 suits alleging the unlawful revocation of parole. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir.2006)

Under *Heck*, the threshold question here is whether the plaintiff's success on his Section 1983 action would call into question the Board's decision to revoke his constructive parole. In this case, the plaintiff's success would necessarily call into question the Board's decision and the calculation of the duration of his sentence by the DOC. Accordingly, because Plaintiff has not alleged that a court has reversed, invalidated, expunged, or called into question his conviction or sentence, he may not proceed via a Section 1983 action. *See, e.g.*, *id.* (concluding that plaintiff could not proceed in Section 1983 action because a successful claim would "'necessarily demonstrate'" the invalidity of the Parole Board's decision to revoke his parole").

6

### III. CONCLUSION

For the reasons set forth above, the Court will (1) grant the plaintiff leave to proceed *in forma pauperis*, and (2) dismiss the Complaint with prejudice because it is legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.